IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| JASON PAUL ANNIS,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF OELWEIN; CHIEF JEREMY LOGAN; DAVID BLOEM; and RONALD VOSHELL, Individually and in their official capacities,<br><br>Defendants. | No. C06-2052<br><br>ORDER REGARDING PLAINTIFF'S TESTIMONY |

On the 6th day of November 2007, this matter came on for telephonic hearing on the Application to Depose Federal Inmate (docket number 24) filed by the Plaintiff on October 18, 2007, and the Resistance (docket number 25) filed by the Defendants on November 2, 2007. The Plaintiff was represented by his attorney, Peter W. Berger. Defendants were represented by their attorney, Beth E. Hansen.

Subsequent to the hearing, Plaintiff filed a Petition for Writ of Habeas Corpus Ad Testificandum (docket number 30). Plaintiff requests, pursuant to 28 U.S.C. § 2241(b)(5), that the Court issue a writ of habeas corpus ad testificandum, requiring that he be returned to Iowa to testify at his trial on February 2, 2007 [sic]. The Petition is related to Plaintiff's prior application and will be decided without further oral argument.

### RELEVANT FACTS

The facts underlying the instant application and petition are undisputed. On July 17, 2006, Plaintiff Jason Annis filed a Complaint (docket number 2) against Defendants, alleging entitlement to recover for violation of his constitutional rights and for assault.

1

Plaintiff's claims arise from the alleged excessive use of force by Defendants on July 29, 2004. Trial is scheduled before Chief Judge Linda R. Reade on February 19, 2008.

Plaintiff is serving a 235-month prison term imposed on August 29, 2005, for manufacture of methamphetamine and being a felon in possession of firearms. *See United States v. Jason Paul Annis*, CR 04-2032-LRR (N.D. Iowa). Plaintiff is currently housed at the United States Penitentiary in Atwater, California.

In his Petition for Writ of Habeas Corpus Ad Testificandum, Plaintiff asks the Court to order that he be returned from California for the trial. Alternatively, in his Application to Depose Federal Inmate, Plaintiff's counsel seeks authority to take Plaintiff's deposition at the federal facility in which he is housed.[1] In their resistance to the application, Defendants object to traveling to California to take Plaintiff's deposition, noting the substantial costs. In addition, Defendants argue that they would be prejudiced if any deposition was not videotaped for viewing by the jury.

At the hearing on November 6, the Court directed counsel to jointly contact the warden at the prison in California in order to determine definitively whether a videotaped deposition would be permitted. The Court was subsequently advised that the warden informed the parties that a videotaped deposition would not be permitted. While not discussed directly, the Court assumes Plaintiff's "fall-back" position is a telephonic deposition for use at trial. In their supplemental resistance (docket number 28), Defendants resist Plaintiff's deposition being taken telephonically and then read into the record at the time of trial, arguing that it would be "highly prejudicial to the Defendants."

---

[1] The Court notes that the Motion fails to comply with the Local Rules in several respects. First, Plaintiff fails to provide the Court with a brief, containing citations to the authorities upon which he relies, as required by Local Rule 7.1.d. In addition, the Motion fails to contain a representation that counsel for the moving party has conferred in good faith with counsel for Defendants, and a statement of whether or not the Defendants consent to the Motion, as required by Local Rule 7.1.1.

2

## ANALYSIS

### Petition for Writ of Habeas Corpus Ad Testificandum

A federal court has the discretionary authority, pursuant to 28 U.S.C. § 2241(c)(5), to issue a writ of habeas corpus ad testificandum to secure the appearance of a state or federal prisoner in federal court. *Jerry v. Francisco*, 632 F.2d 252, 255 (3d Cir. 1980). *See also Oliver v. Goodwin*, 221 F.3d 1343 (Table), 2000 WL 973554 (8th Cir.). A prisoner has no constitutional right to be produced as a witness in his own civil rights action. *Muhammad v. Page*, 2005 WL 2261042 (S.D. Ill.) at *1. Nonetheless, "there is a constitutional right to a fair trial in a civil case and, although difficult, it is essential to maintain this right for prisoner-plaintiffs." *Id.* (citing *Lemons v. Skidmore*, 985 F.2d 354 (7th Cir. 1993)).[2]

In determining whether an incarcerated plaintiff should be transported to appear in a civil action, "the trial court must weigh the interest of the plaintiff in presenting his testimony in person against the interest of the state in maintaining the confinement of the plaintiff-prisoner." *Stone v. Morris*, 546 F.2d 730, 735 (7th Cir. 1976). The factors to be considered by the trial court in exercising its discretion in this regard were set forth in *Stone*, as follows:

> In making his determination the district judge should take into account the costs and inconvenience of transporting a prisoner from his place of incarceration to the courtroom, any potential danger or security risk which the presence of a particular inmate would pose to the court, the substantiality of the matter at issue, the need for an early determination of the matter, the possibility of delaying trial until the prisoner is released, the probability of success on the merits, the integrity of the correctional system, and the interests of the inmate in presenting his testimony in person rather than by deposition. (citation omitted)

---

[2] In resisting Plaintiff's application to have his deposition taken for use at trial, Defendants stress the importance of having the jury view Plaintiff in order to judge his credibility. Ironically, however, Defendants also resist Plaintiff's request to be brought back to appear personally before the jury.

3

> The interests of the inmate in presenting his testimony in person rather than by deposition subsumes other factors or considerations such as whether the trial is to be to the court or to a jury, whether the prisoner has any other witnesses to call at trial or whether, as here, the prisoner is the only person who can render testimony consistent with the allegations of his complaint, and whether the defendants themselves plan to take the witness stand.

*Id.* at 735-736.

Plaintiff is currently incarcerated at a federal penitentiary in Atwater, California. While no evidence was presented regarding the "costs and inconvenience" of transporting Plaintiff to Iowa for the trial, the Court assumes that it may be substantial. Similarly, no evidence was presented regarding whether Plaintiff poses a danger or security risk beyond that which might be assumed for any prisoner. Also, the record is silent regarding what other witnesses, if any, Plaintiff intends to call at the time of trial.[3]

After carefully weighing the interest of Plaintiff in traveling from California to Iowa to testify at his trial, and the interest of the Government in maintaining Plaintiff's confinement, the Court concludes that the Petition for Writ of Habeas Corpus Ad Testificandum should be denied. The Court is convinced that Plaintiff can receive a fair trial without his personal presence. The Court notes that Plaintiff is represented by counsel, who will be present at trial to pick the jury, make an opening statement, present evidence on Plaintiff's behalf, cross-examine Defendants' witnesses, and make a closing argument.[4] As set forth below, the Court believes that Plaintiff's version of the events which give rise to his claims may be introduced by other means.

---

[3] In his Complaint, Plaintiff alleges that he was assaulted by Sergeant David Bloem in "a room monitored by videotape." It is unknown to the Court, however, whether there is a video recording of the incident which gives rise to this action.

[4] If Plaintiff is proceeding pro se, then that fact must be considered in determining whether his presence at trial is required. *See Muhammad v. Page*, 2005 WL 2261042 (S.D. Ill.) at *3.

4

## Application to Depose Federal Inmate

In the alternative, Plaintiff requests that the Court enter an order for the taking of his deposition, to be used as evidence at the time of trial. Initially, Plaintiff proposed that the deposition be video recorded, to be viewed by the jury. As set forth above, however, it was subsequently determined that for security reasons, the warden at the prison in Atwater will not permit a videotaped deposition. The Court presumes that Plaintiff now requests that the deposition be conducted telephonically, to be read to the jury at the time of trial. Defendants not only resisted being required to travel to California for a video deposition, they also object to a telephonic deposition.

FEDERAL RULE OF CIVIL PROCEDURE 30(a)(2) provides a party must obtain leave of court to take a deposition "if the person to be examined is confined in prison." The Rule further provides, however, that leave "shall be granted to the extent consistent with the principles stated in Rule 26(b)(2)." In limiting the use of depositions, the Court may consider whether "the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." FED. R. CIV. P. 26(b)(2)(C)(iii).

In support of their position, Defendants cite *Latiolais v. Whitley*, 93 F.3d 205 (5th Cir. 1996). The issue there, however, was whether the district court erred in denying Plaintiffs' request to be personally present at the trial of their Section 1983 claims. Noting that "[a]t a minimum, fundamental fairness requires that plaintiffs have the opportunity to present their cases so that the trier of fact can make a meaningful search for the truth," *Id.* at 207, the Court of Appeals remanded and directed the district court to "reconsider whether [the plaintiffs] should be allowed to attend the trial of their claims." *Id.* at 210. In the instant action, however, Defendants' position would not allow Plaintiff to offer *any* testimony regarding the events which give rise to his claim. Clearly, *Latiolais* cannot be cited for that proposition.

5

As set forth above, the Court has concluded that Plaintiff may not be returned from his federal incarceration in California to testify at trial. In addition, the parties have been advised that the warden at the prison in California will not allow a deposition to be video recorded. Accordingly, the only remaining alternative which would not completely prohibit Plaintiff from offering his testimony regarding the events giving rise to this action is a telephonic deposition, which will then be read into evidence at the time of trial. This alternative is easily accomplished and comparatively inexpensive. While it will not allow the jury to view Plaintiff while he is testifying (as requested by Defendants), it appears to be the only viable alternative.[5]

In summary, the Court concludes that the Petition for Writ of Habeas Corpus Ad Testificandum should be denied. The Application to Depose Federal Inmate will be granted, with the deposition to be conducted telephonically. A transcript of the deposition may then be read into evidence at the time of trial.

### ORDER

IT IS THEREFORE ORDERED as follows:

1. The Petition for Writ of Habeas Corpus Ad Testificandum (docket number 30) filed by Plaintiff is hereby **DENIED**.

2. The Application to Depose Federal Inmate (docket number 24) filed by Plaintiff is hereby **GRANTED**, as set forth above.

DATED this 26th day of November, 2007.

JON STUART SCOLES
United States Magistrate Judge
NORTHERN DISTRICT OF IOWA

---

[5] Apparently, the parties did not determine whether the prison in Atwater has video conferencing capability, which would allow Plaintiff to testify live at the trial using video conference technology.